IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01578-LTB-CBS

MATTHEW ALAN SMITH,
    Plaintiff,
v.

UNITED PARCEL SERVICE,
    Defendant.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Smith's "Motion for Change of Judge and New Evidentiary Hearing for Pending Summary Judgment and Contempt Motions." Pursuant to the Order of Reference to United States Magistrate Judge dated June 22, 2012 (Doc. # 7) and the memorandum dated September 24, 2013 (Doc. # 146), this matter was referred to the Magistrate Judge. The court has reviewed the pending Motion, the entire case file, and the applicable law and is sufficiently advised in the premises.

    Mr. Smith asks that the "the case be reviewed by an active article III judge." (*See* Motion at 1 of 5). The issue of recusal is addressed by two separate statutes. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to disqualify himself or herself. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 144 requires an affidavit of bias and prejudice which must be timely and sufficient, among

1

other things. *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988) (citations omitted). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). "To be considered legally sufficient the affidavits must allege *personal* bias or prejudice caused by an extrajudicial source other than what the judge has learned or experienced from his participation in the case." *Sine v. Local No. 992, Intern. Broth. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989) (emphasis in original) (citations omitted). "Under § 144, the affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Conclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (internal citations omitted).

A party may also seek the disqualification of a judge under Title 28 U.S.C. § 455. Under § 455, the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Burger*, 964 F.2d at 1070 (internal quotation marks and citation omitted). Under Section 455, factual allegations need not be taken as true. *Hinman*, 831 F.2d at 939. "Nor is the judge limited to those facts presented by the challenging party." *Hinman*, 831 F.2d at 939. Section 455 "does not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record." *In re McCarthey*, 368 F.3d at 1269-70. "There must be a reasonable factual basis to question the judge's impartiality." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). "The scope of inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *In re McCarthey*, 368 F.3d at 1269. "A judge should not recuse himself on unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 939 (citations omitted). "[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Burger*, 964 F.2d at 1070 (internal quotation marks and citation omitted).

The mere fact that a judge has made an adverse ruling during litigation does not establish

prejudice or bias under § 455.  *See United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993) ("prior rulings in the proceeding, or another proceeding, solely because they were adverse" or "the mere fact that a judge has previously expressed an opinion on a point of law" do not require recusal);  *Knoll v. Socony Mobil Oil*, 369 F.2d 425, 430 (10th Cir. 1966) (nor is disqualification of the judge authorized on the basis of a judge's previously expressed view of the law, the fact that a judge has decided a previous case against a litigant, or the fact that a judge has made adverse rulings against a party during litigation), *overruled on other grounds by Liberty Nat. Bank & Trust Co. v. Acme Tool Div.*, 540 F.2d 1375, 1381 (10th Cir. 1976).  "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Mr. Smith has not filed any affidavit and fails to present any facts to support his request for a "change of judge."  As Mr. Smith has failed to set forth any grounds to justify recusal under 28 U.S.C. § 455 or 28 U.S.C. § 144, recusal is properly denied.  Accordingly,

IT IS ORDERED that Mr. Smith's "Motion for Change of Judge and New Evidentiary Hearing for Pending Summary Judgment and Contempt Motions" (filed September 23, 2013) (Doc. # 145) is DENIED.  The Contempt Hearing will proceed on October 7, 2013 at 1:30 p.m.  Currently, no hearing is set on the pending Motion for Summary Judgment.

DATED at Denver, Colorado this 25th day of September, 2013.

BY THE COURT:

  s/Craig B. Shaffer  
United States Magistrate Judge